## Beck v. Sovereign Camp of the Woodmen of the World.

(Decided March 4, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Beneficial Associations—False Statement in Application.—There can be no recovery on a certificate of membership in a fraternal insurance society where the application for membership falsely states that the applicant is not engaged in the liquor business, when the constitution and by-laws of the society provide that one so engaged is ineligible to membership.

2. Beneficial Associations—Misrepresentation.—Such a misrepresentation is a material one within the meaning of section 639 Ky. Stats.

HUBBARD & HUBBARD, EUGENE HUBBARD and FRED P. CALDWELL for appellant.

L. D. GREEN and ROBT. L. PAGE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Upon the faith of a written application theretofore signed by Joseph Beck, on the 28th of February, 1913, there was issued to him by appellee, a fraternal insurance society, a certificate of membership entitling the appellant, his wife, the beneficiary therein, to one thousand dollars if his death should occur after the second year of his membership, and to one hundred dollars in addition thereto to be used by her in erecting a monument over the remains of Joseph Beck.

Joseph Beck died on the 28th of August, 1917, and this is an action by the beneficiary on that certificate.

The only defense made which it is necessary to consider is that Joseph Beck falsely stated in his application for membership that he was neither directly nor indirect-

ly engaged in the occupation of saloon-keeper or bartender, or engaged in the retailing of intoxicating liquors as a beverage; it being alleged that under the constitution and by-laws of the fraternal society persons so engaged should not be admitted to membership, and that because of such false and fraudulent misrepresentation in his application the certificate was issued to him, when otherwise it would not have been.

After hearing all the evidence, the trial court directed a verdict for the defendant, and the plaintiff has appealed,

The evidence is that prior to January, 1913, there was operated at 20th and Magazine streets in Louisville a grocery store and saloon by Mrs. Deddens, and that either in January or February, 1913, as testified to by plaintiff herself, Joseph Beck bought this grocery and saloon from Mrs. Deddens, and soon thereafter made the application to join the fraternal society. The evidence also shows that the city license to operate the saloon which had previously been issued to Mrs. Deddens was on the 13th of March, 1913, transferred to Beck, and that such application for license or transfer had to be made at least thirty days before same would be granted. This evidence is convincing that the application for this transfer had been made by Beck on or before the 13th day of February, 1913, although the exact date is not shown.

This, taken in connection with appellant's own statement that Beck had bought the grocery and saloon before he made application for membership in the fraternal organization, makes it reasonably clear that he was in fact the beneficial owner of the saloon and operating same under his predecessor's license not only on and before the 28th day of February, when this certificate was issued, but on and before the 6th of February, the date of the application for membership.

The question is, is such false answer as to the nature of his occupation or business such a material misrepresentation as will void the certificate?

It was the declared policy of the society, as shown by its constitution and by-laws, to exclude from its membership persons engaged in the business or employment of saloon-keeper or bartender, or in the retailing of intoxicating liquors as a beverage, and Beck falsely stated in his signed application for membership that he was not engaged in such business or occupation.

It is provided in our statute (sec. 639) that no misrepresentation in an application‣for a policy of insurance "shall . . . unless material or fraudulent, prevent a recovery on the policy."

Not only in this case was ·the misrepresentation such as to operate as a fraud upon the appellee, because it by express provision in its constitution and by-laws made Beck ineligible to membership, but the misrepresentation was as to a material fact which entered into the risk which the appellee took in issuing the certificate, or at least it was its declared policy that one engaged in the retail liquor business was a bad risk and therefore excluded.

At any rate, the question is not an open one in this state. In the case of National Council, etc. v. Thompson, 153 Ky. 636, it was held by this court that there could be no recovery on such a certificate in a fraternal society where the application falsely stated that the applicant was not engaged in the liquor business when the by-laws provided that such person was ineligible to membership. In that case the applicant was in fact only in the liquor business as the personal representative of his deceased brother's estate and not for his own profit or benefit, and yet it was held there could be no recovery.

The directed verdict by the trial court was proper and the judgment is affirmed.